```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :    CRIMINAL ACTION
                              :
         v.                   :
                              :
CORNELIUS STALLWORTH          :    NO. 07-389
```

MEMORANDUM

McLaughlin, J.                                      July 28, 2009

      Cornelius Stallworth has been charged with the distribution of cocaine base, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a convicted felon.  He moves to suppress the physical evidence seized by the police.  The Court held an evidentiary hearing on July 24, 2009, and will now deny the motion.

I.    Findings of Fact

      Officers of the Philadelphia Police Department's Narcotics Field Unit ("NFU") were investigating possible sales of narcotics at 4156 Pennsgrove Street in West Philadelphia in December of 2006.  On December 6 and December 19, 2006, members of the NFU had a confidential informant make purchases of drugs from this residence.  Before the confidential informant approached the residence, he or she was searched and provided with pre-recorded currency.  On each occasion, he or she purchased crack cocaine that he or she delivered to the police

directly from the house.  The confidential informant was under surveillance as he or she made the purchases.  Based on the two buys, a police officer, Nathan London, obtained a search warrant for 4156 Pennsgrove Street.

On December 20, 2006, the police had the confidential informant make a third purchase of cocaine from 4156 Pennsgrove Street with pre-recorded buy money.  The buy money was coded with detection powder that glowed brightly when exposed to an ultraviolet light.  The police executed the search warrant after the buy by the confidential informant of four bags of cocaine base.  The police entered and arrested Donte Tabbs.  Mr. Stallworth attempted to flee through one of the windows of the house.  Officer Roosevelt Hagins, who was stationed in the alley by the window through which Mr. Stallworth exited, subdued and arrested Mr. Stallworth.  On the defendant's person, Officer Hagins found a 9 mm handgun and currency that was used by the confidential informant to purchase the cocaine base.  His hands also tested positive for the ultraviolet detection powder used to treat the currency.  The NFU officers recovered a large bag containing 49 small baggies of cocaine base inside of 4156 Pennsgrove Street.

II.   Discussion

      The government argues that Mr. Stallworth does not have standing to challenge the search warrant because he had no expectation of privacy in the house.  The Court will assume that Mr. Stallworth has standing for purposes of this motion although that is in doubt.

      The defendant argues that there is no probable cause for the search warrant.  The Court disagrees.  The search warrant described the two purchases by the confidential informant.  The confidential informant was searched prior to going to the location to buy drugs and returned directly to the police with the drugs.  The police officers independently developed probable cause.  It is not relevant whether or not the informant was "reliable."  They searched him and then they observed him go to that location and come back with the drugs.

      In view of the fact that the execution of the search warrant by the police was proper, the police had probable cause to arrest Mr. Stallworth who fled from the house through a window and had a weapon and buy money on his person.

      An appropriate order will be issued separately.